# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HANNAH SANDERSON**

    **Plaintiff,**

**-vs-**                                                    **Case No.:**

**VOLUSIA COUNTY**
**TOWING, LLC, a Florida**
**Limited Liability Company,**

    **Defendant.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, HANNAH SANDERSON, by and through undersigned counsel, files suit against the Defendant, VOLUSIA COUNTY TOWING, LLC, a Florida Limited Liability Company, ("Defendant"), for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION & VENUE

1. Defendant, VOLUSIA COUNTY TOWING, LLC, is a Florida limited liability company that operates and conducts business in Holly Hill, Florida (Volusia County) and is therefore, within the jurisdiction of this Court.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA. This Court also has jurisdiction under 28 U.S.C. §§ 1331. Venue is proper under 28 U.S.C. § 1391. These claims arise under the laws of the United States.

3. The venue of this Court over this controversy is proper based upon the claim arising in Volusia County, Florida.

## PARTIES

4. Plaintiff, HANNAH SANDERSON, was an employee of the Defendant within the last three (3) years for Defendant in Holly Hill, Florida (Volusia County).

5. Defendant, VOLUSIA COUNTY TOWING, LLC, is a private company which provides towing, winching, recovery, roadside assistance, and other services.

## FACTUAL ALLEGATIONS

6. Plaintiff was an "executive assistant" and performed related activities for Defendant in Holly Hill, Florida (Volusia County).

7. Plaintiff worked for Defendant from approximately December 1, 2015 to July 22, 2017.

8. In this capacity, Plaintiff earned a regular rate of pay of $433.00 per week from December 1, 2015 until December 19, 2016.

9. In this capacity, Plaintiff earned a regular rate of pay of $250.00 per week from December 19, 2016 until March 2017.

10. In this capacity, Plaintiff earned a regular rate of pay of $65.00 per week from March 2017 until July 22, 2017.

11. During Plaintiff's employment, Plaintiff worked in excess of forty (40) per work week during one or more work weeks.

12. Specifically, Plaintiff would work over 80 hours per week.

13. At times, Plaintiff worked over 100 hours per week.

14. However, Plaintiff was not paid overtime compensation of one and a half times her regular rate of pay per hour for overtime hours worked.

15. As a result, Plaintiff should have received compensation at time and one half her regular rate of pay for all hours worked beyond the forty (40) hours per week.

16. Plaintiff was not paid her regular hourly rate of pay (straight pay) for all hours worked, including for all overtime hours worked.

17. As a result, Plaintiff should have received compensation for the federal minimum wage for any weeks where her hourly rate of pay fell below the federal minimum.

18. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

19. Upon information and belief, Defendant's outsourced payroll company advised that it was not following the federal wage and hour laws.

20. Defendant has violated Title 29 U.S.C. §215 in that they have discriminated and retaliated against Plaintiff for exercising her rights under the FLSA.

21. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COVERAGE

22. At all material times relevant to this action (2015-2017), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

23. At all material times relevant to this action (2015-2017), Defendant made gross earnings of at least $500,000 annually.

24. At all material times relevant to this action (2015-2017), Defendant accepted payments from customers based on credit cards issued by out of state banks.

25. At all material times relevant to this action (2015-2017), Defendant routinely ordered materials or supplies from out of state.

26. At all material times relevant to this action (2015-2017), Defendant had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce.

27. At all material times relevant to this action (2015-2017), Defendant used U.S. mail to send and receive letters to and from other states.

28. At all material times relevant to this action moved vehicles through interstate highways, which resulted in interstate commerce

29. At all times relevant to this action (2015-2017), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 29 above.

31. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

32. During her employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for the same.

33. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, time and one half her regular rate of pay for each hour worked in excess of forty (40) per

work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

34. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

35. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGE

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 28 above.

37. Plaintiff is/was entitled to be paid time the federal minimum wage for all hours worked.

38. During her employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time at her regular rate (straight pay) or the federal minimum wage.

39. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff her straight pay or the federal minimum wage, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

41. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all minimum wage for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

42. Plaintiff demands a jury trial on all issues so triable against Defendant.

## RELIEF REQUESTED

Plaintiff respectfully requests:

i. That the Court declare that Defendant violated the aforementioned causes of action;

ii. A jury trial and entry of judgment in Plaintiff's favor;

iii. Back overtime pay;

iv. Liquidated damages;

v. Attorney's fees and expenses;

vi. Prejudgment interests, and, if applicable, post-judgment interest; and

vii. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which she may be entitled.

Dated this __11th___ day of January, 2019.

Respectfully submitted by,

 s/ Louis Montone
Carlos Leach, Esq.
FBN 0540021
Louis Montone, Esq.
FBN 0112096
Trial Counsel for Plaintiff
The Leach Firm, P.A.
1950 Lee Rd., Suite 213
Winter Park, FL 32789
Telephone: (407) 574-4999

                                              Facsimile: (833) 423-5864
                                              Email:  CLeach@theleachfirm.com
                                              Email:  LMontone@theleachfirm.com