**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HANNAH SANDERSON,**

    **Plaintiff,**

**v.**                                                                       **Case No: 6:19-cv-66-Orl-37LRH**

**VOLUSIA COUNTY TOWING, LLC,**

    **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND FOR ORDER OF DISMISSAL WITH PREJUDICE (Doc. 15)**
>
> **FILED:**     **February 28, 2019**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

**I.**     **Background**

In January 2019, the Plaintiff filed this action against the Defendant alleging that the Plaintiff worked for the Defendant in excess of 40 hours per work week, but the Defendant failed to pay the Plaintiff minimum and overtime wages for all the hours she worked for the Defendant. (Doc. 1 at ¶¶ 11, 14, 16) (Complaint). Thus, the Plaintiff asserted the following claims against the Defendant: Count I - failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207; and Count II - failure to pay minimum wages in violation of the FLSA, 29 U.S.C. § 206. (*Id*. at 4-6).

The Plaintiff does not allege in her Complaint any precise dollar amounts of allegedly unpaid hourly or overtime wages, and the parties settled this case prior to the deadline for the Plaintiff to file her answers to the Court's FLSA interrogatories. (*See* Docs. 9; 13). As a result, the Court is unaware of the amount of unpaid wages the Plaintiff claims she is owed.

On February 28, 2019, the parties filed a joint motion to approve their settlement agreement, which they attached to the motion. (Docs. 15 (Motion); 15-1 (Agreement)). Under the Agreement, the Plaintiff will receive $5,000.00 in unpaid wages, $5,000.00 in liquidated damages, and $4,000.00 in attorney fees and costs in exchange for releasing any and all FLSA claims that she may have against the Defendant. (Doc. 15-1 at 1-2). The parties argue that the Agreement represents a fair and reasonable resolution of the Plaintiff's FLSA claims and request that the Court grant the Motion and dismiss the case with prejudice. (Doc. 15 at 3-4).

**II.    Law**

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1]  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III.     Analysis

There are two issues that affect the Court's ability to determine whether the Agreement is a fair and reasonable settlement of the Plaintiff's FLSA claims.

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

First, the parties have not provided the Court with any information concerning how much the Plaintiff claimed she was owed in unpaid wages.  (*See* Doc. 15).  Thus, it is impossible for the Court to determine whether the amounts that the Plaintiff has agreed to receive under the Agreement constitute a fair and reasonable compromise of her FLSA claims.

Second, it is unclear what claims the Plaintiff has agreed to release.  In the Agreement, under the provision entitled "Consideration," the following language appears:

> Such Settlement Sum shall be paid in resolution of all wage and hour claims Plaintiff has, might have, or believes [s]he has against Defendant as of the date of this Agreement.

(Doc. 15-1 at 2).  Later in the Agreement, under the provision entitled "Limited Release of Claims," the following language appears:

> This Agreement shall constitute a waiver and release of any and all claims Plaintiff has, might have, or believes [s]he has under the FLSA, as of the date of this Agreement, against Defendant, its parents, predecessors, successors, independent contractors, subsidiaries, insurers, affiliates, and its directors, officers, shareholders, members, employees – including, but not limited to, agents, insurers and attorneys.

(*Id.*).  The foregoing provisions are inconsistent.  Specifically, the first provision essentially states that the Plaintiff is releasing "all wage and hour claims" that she might have in exchange for the amounts being paid under the Agreement.  (*Id.*)  Thus, the first provision can reasonably be read as encompassing both state and federal wage claims.  On the other hand, the second provision states that Plaintiff is only releasing FLSA claims that she may have against the Defendant as of the date of the Agreement.  (*Id.*).  Given this inconsistency, it is unclear what claims the Plaintiff is releasing under the Agreement.

In light of the issues discussed above, the Court is unable to determine whether the Agreement is a fair and reasonable settlement of the Plaintiff's FLSA claims.  Thus, the Motion

will be denied without prejudice so that the parties can address the issues raised in this Order and file an amended motion to approve their settlement agreement.

**IV.     Conclusion**

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 15) is **DENIED WITHOUT PREJUDICE**; and

2. **On or before March 14, 2019**, the parties shall file a renewed motion for settlement approval along with their signed settlement agreement.

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2019.

*[Signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties