## SETTLEMENT AGREEMENT AND LIMITED RELEASE

THIS SETTLEMENT AGREEMENT ("Agreement") is made this 11ᵗʰ day of February 2019, by and between VOLUSIA COUNTY TOWING, LLC (hereinafter "Defendant"), and HANNAH SANDERSON (hereinafter "Plaintiff").

WHEREAS, Plaintiff instituted a lawsuit, case number 6:19-cv-66-Orl-37KRS (United States District Court Middle District of Florida, Orlando Division); and,

WHEREAS, Defendant denies liability herein and any wrongdoing with respect to Plaintiff, her employment with or the cessation thereof; and,

WHEREAS, entry into this Agreement in no way reflects any change in Defendant's position that it denies all liability and any wrongdoing with respect to Plaintiff and/or Plaintiff's employment with Defendant; and,

WHEREAS, Plaintiff has voluntarily agreed to dismiss with prejudice case number 6:19-cv-66-Orl-37KRS (United States District Court Middle District of Florida, Orlando Division) against Defendant by filing the Joint Stipulation for Voluntary Dismissal with Prejudice;

WHEREAS, Plaintiff and Defendant wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between Plaintiff and Defendant that case number 6:19-cv-66-Orl-37KRS (United States District Court Middle District of Florida, Orlando Division) is hereby resolved as follows:

1.    **Recitals**: The foregoing recitals are true and correct and are incorporated herein by this reference.

2.    **Consideration**.

a.    In consideration for the execution by Plaintiff of this Agreement and her compliance with the promises made herein, and following Defendant's receipt of this Agreement, as executed by Plaintiff, Defendant shall pay the sum of Fourteen Thousand Dollars and Zero Cents ($14,000.00) ("Settlement Sum") and deliver said Settlement Sum to the Leach Firm, P.A., within fourteen days (14) days following an Order approving the Joint Settlement and Stipulation for Dismissal with prejudice entered by the United States District Court Middle District of Florida, Orlando Division, and to be allocated and delivered as follows:

HANNAH SANDERSON

Defendant shall pay Hannah Sanderson the sum of $10,000.00. Said payment shall be made as follows:

- $5,000.00 which amount shall be subject to deductions or withholding and for which an IRS W-2 form shall be issued to Hannah Sanderson;
- $5,000.00 for liquidated and other damages, made payable to Hannah Sanderson, and for which an IRS 1099 shall be issued to Hannah Sanderson;

THE LEACH FIRM, P.A.

- $4,000.00 to The Leach Firm, P.A. for attorneys' fees and costs which were agreed upon separately and without regard to the amounts paid to the Plaintiff and for which an IRS 1099 shall be issued to The Leach Firm, P.A.

b.      Such Settlement Sum shall be paid in resolution of all wage and hour claims Plaintiff has, might have, or believes he has against Defendant as of the date of this Agreement. Such Settlement Sum shall be inclusive of attorneys' fees and costs. Plaintiff understands and acknowledges that she would not receive the consideration specified in Paragraph 2 except for her execution of this Agreement and the fulfillment of the promises contained herein.

c.      Defendant makes no representation as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal, state, or local taxes, if any, which are required by law to be paid by her with respect to this Settlement Sum. Moreover, Plaintiff agrees to indemnify Defendant and hold it harmless from any interest, taxes, or penalties assessed against it by any governmental agency as a result of Plaintiff's non-payment of taxes on any amounts paid to Plaintiff or her attorney(s) on her behalf under the terms of this Agreement.

3.      **No Consideration Absent Execution of this Agreement**. Plaintiff understands and agrees that she would not receive the benefits specified in paragraph "2" above, except for her execution of this Agreement and the fulfillment of the promises contained herein. Plaintiff also agrees that the consideration specified in this Agreement is sufficient to support the promises contained herein.

4.      **All Hours Worked During Employment**. Plaintiff knowingly, voluntarily and freely agrees and acknowledges that, upon receipt of the Settlement Sum, he will have been fully compensated for all hours worked during his employment with Defendants.

5.      **Opportunity to Review**. Plaintiff acknowledges that she is aware that she is giving up all claims she has or may have against Defendant, its parents, predecessors, successors, subsidiaries, affiliates, and its directors, officers, shareholders, members, employees under the Fair Labor Standards Act ("FLSA") -- including, but not limited to, agents, insurers and attorneys as of the date of this Agreement. Plaintiff acknowledges that she has been given the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that she has consulted an attorney prior to the execution of this Agreement and signs this Agreement knowingly, freely and voluntarily.

6.      **Limited Release of Claims**. This Agreement shall constitute a waiver and release of any and all claims Plaintiff has, might have, or believes he has under the FLSA, as of the date of this Agreement, against Defendant, its parents, predecessors, successors, independent contractors, subsidiaries, insurers, affiliates, and its directors, officers, shareholders, members, employees — including, but not limited to, agents, insurers and attorneys.

7.      **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8.      **Nonadmission of Wrongdoing**. Plaintiff agrees that neither this Agreement nor the

furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendant of any liability or unlawful conduct of any kind.

9.      **Entire Agreement**. This Agreement, including any attached Exhibits, sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior oral or written agreements, understandings, representations or warranties between the parties regarding the subject matter of this agreement. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement, except for those set forth in this Agreement.

10.     **Venue and governing Law**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court Middle District of Florida, Orlando Division.

11.     **Attorneys' Fees**. In the event of litigation to enforce this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs, including also reasonable attorneys' fees and costs related to any appeal(s).

PLAINTIFF HAS BEEN GIVEN TWENTY-ONE DAYS (21) TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT. PLAINTIFF HAS CONSULTED WITH AN ATTORNEY, PRIOR TO THE EXECUTION OF THIS AGREEMENT AND SIGNS THIS AGREEMENT KNOWINGLY, FREELY AND VOLUNTARILY.  IF PLAINTIFF EXECUTES THE AGREEMENT, SHE WILL HAVE SEVEN (7) DAYS IN WHICH SHE CAN REVOKE THE AGREEMENT.   TO REVOKE THE AGREEMENT, PLAINTIFF MUST CONTACT COUNSEL FOR DEFENDANT AND INFORM COUNSEL THAT SHE IS REVOKING THE AGREEMENT. THE AGREEMENT SHALL NOT BECOME EFFECTIVE OR ENFORCEABLE UNTIL AFTER THE REVOCATINO PERIOD HAS EXPIRED.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY

_____
HANNAH SANDERSON

_____
February 27, 2019
DATE

_____
VOLUSIA COUNTY TOWING, LLC

By (name): CHRISTIAN BERNY

Its (title): Owner

_____
2-28-2019
DATE