# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HANNAH SANDERSON,**

    **Plaintiff,**

**v.**                                                                                                    Case No: 6:19-cv-66-Orl-37LRH

**VOLUSIA COUNTY TOWING, LLC,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **RENEWED JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND FOR ORDER OF DISMISSAL WITH PREJUDICE (Doc. 18)**
>
> **FILED:**    **March 8, 2019**
>
> ———
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I. Background

The Plaintiff worked for the Defendant as an executive assistant between December 1, 2015 and July 22, 2017 and was paid varying amounts during that period. (Doc. 1 at ¶¶ 6-10). The Plaintiff alleges that she worked for the Defendant in excess of 40 hours per work week, but the Defendant failed to pay the Plaintiff minimum and overtime wages for all the hours she worked. (*Id*. at ¶¶ 11, 14, 16). Thus, the Plaintiff filed this case against the Defendant asserting the following claims: Count I - failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA),

29 U.S.C. § 207; and Count II - failure to pay minimum wages in violation of the FLSA, 29 U.S.C. § 206. (*Id*. at 4-6).

On March 8, 2019, the parties filed a joint motion to approve their settlement agreement, which they attached to the motion. (Docs. 18 (Motion); 18-1 (Agreement)). Under the Agreement, the Plaintiff will receive $5,000.00 in unpaid wages, $5,000.00 in liquidated damages, and $4,000.00 in attorney fees and costs in exchange for releasing any and all FLSA claims that she may have against the Defendant as of the date the Agreement was executed. (Doc. 18-1 at 1-2). The parties argue that the Agreement represents a fair and reasonable resolution of the Plaintiff's FLSA claims and request that the Court grant the Motion and dismiss the case with prejudice. (Doc. 18 at 4-5).

**II.  Law**

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III. Analysis

#### A. The Settlement

The Plaintiff claims that the Defendant failed to pay her minimum and overtime wages in violation of the FLSA and calculates her maximum unpaid minimum and overtime wages to be $50,103.50, plus an equal amount of liquidated damages. (Docs 1; 18 at 3-4). The Defendant

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

denies the Plaintiff's claims, resulting in the following disputed issues: 1) whether the Plaintiff was an employee or independent contractor; 2) whether the Defendant paid the Plaintiff less than the overtime wages required under the FLSA; 3) whether the Plaintiff actually worked any overtime hours; 4) whether the Defendant paid the Plaintiff less than the federal minimum wages required under the FLSA; 5) whether the Defendant was an employer as defined under the FLSA; 6) whether the Plaintiff's job duties subjected the Defendant to individual FLSA coverage; and 7) whether the Court has subject matter jurisdiction under the enterprise and individual coverage prongs of the FLSA. (Doc. 18 at 1-2). Thus, this case involves disputed issues of coverage and liability under the FLSA, creating a bona fide dispute under the FLSA.

The parties were represented by counsel throughout this case. The parties identified two disputed issues that would greatly impact the amount the Plaintiff could recover. First, the parties state that there is a dispute as to whether there is individual coverage under the FLSA and there is evidence that the Defendant was not a covered enterprise in 2016. (*Id*.).[4] If the Defendant prevailed on this issue, the parties state that the maximum the Plaintiff would be entitled to recover is $16,979.00, plus an equal amount of liquidated damages. (*Id*.). Second, the parties state that there is a dispute about whether the Plaintiff was an independent contractor (and, thus, not covered under the FLSA) between March 2017 and July 2017. (*Id*. at 4). If the Defendant prevailed on this issue, the parties state that the maximum the Plaintiff would be entitled to recover is $5,219.00, plus an equal amount of liquidated damages. (*Id*.). In light of these and other disputed issues, the

---

[4] In order to be eligible for minimum and overtime wages under the FLSA, an employee must demonstrate that he is covered by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). An employee may establish coverage by demonstrating: 1) that he was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage); or 2) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage). 29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298-99.

Plaintiff agreed to compromise her claims to avoid the risks and costs of continued litigation. (*Id*. at 3-4).

Under the Agreement, the Plaintiff agrees to receive a total of $5,000.00 in unpaid wages and an equal amount in liquidated damages in exchange for a release of any and all FLSA claims she has or may have against the Defendant. Doc. 18-1 at 1-2. The undersigned finds that this is a fair and reasonable compromise considering the disputed issues and the risk that the Plaintiff may recover less than she is receiving under the Agreement. Therefore, the undersigned **RECOMMENDS** that the Court find that the settlement is a fair and reasonable resolution of the Plaintiff's FLSA claims.

### B. The Other Terms of the Agreement

The Agreement contains inconsistent language concerning the claims that the Plaintiff is releasing. The first full sentence of paragraph 2(b) of the Agreement, which addresses the consideration supporting the Agreement, states:

> Such Settlement Sum shall be paid in resolution of all wage and hour claims Plaintiff has, might have, or believes [s]he has against Defendant as of the date of this Agreement.

(Doc. 18-1 at 2). Following the foregoing provision, the Agreement contains a provision entitled "Limited Release of Claims," which states, in its entirety, as follows:

> This Agreement shall constitute a waiver and release of any and all claims Plaintiff has, might have, or believes [s]he has under the FLSA, as of the date of this Agreement, against Defendant, its parents, predecessors, successors, independent contractors, subsidiaries, insurers, affiliates, and its directors, officers, shareholders, members, employees – including, but not limited to, agents, insurers and attorneys.

(*Id*.). The provisions detailed above are inconsistent. Specifically, the first provision essentially states that the Plaintiff is releasing "all wage and hour claims" that she might have in exchange for the amounts being paid under the Agreement. (*Id*.) Thus, the first provision can reasonably be

read as encompassing both state and federal wage claims. On the other hand, the second provision states that the Plaintiff is only releasing FLSA claims that she has or might have against the Defendant as of the date of the Agreement. (*Id.*).

The undersigned discussed this inconsistency in a prior order denying the parties' previous motion to approve their settlement agreement. (Doc. 17). Yet, the parties took no action to address the issue. Rather than deny the Motion, the undersigned recommends that the Court strike the first full sentence of paragraph 2(b) of the Agreement, because it arguably broadens the Agreement's release provision. Without the sentence in paragraph 2(b), the undersigned finds that the Agreement's "Limited Release of Claims" provision is sufficiently narrow to allay any concern that the Plaintiff may be giving up an unknown, but valuable, claim that is wholly unrelated to the wage claim at issue in this case. *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012).[5]

The Agreement does not contain any other provisions, *e.g.*, a confidentiality provision or a non-disparagement provision, that are often found to undermine the fairness and reasonableness of an FLSA settlement. (*See* Doc. 18-1). Thus, the undersigned **RECOMMENDS** that the Court strike the first full sentence of paragraph 2(b) of the Agreement and otherwise find that none of the other terms of the Agreement affect the overall fairness and reasonableness of the settlement.

### C. Attorney Fees and Costs.

---

[5] The Agreement permits the severability of provisions without affecting the remainder of the Agreement. (Doc. 18-1 at p. 2, ¶ 7 ("Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.")).

The parties have agreed that the Plaintiff's counsel will receive a total of $4,000.00 in attorney fees and cost. (Doc. 18-1 at 2). The parties state that they "separately negotiated" attorney fees and costs. (Doc. 18 at 5); (*see also* Doc. 18-1 at 2 (stating that the attorney fees and costs were "agreed upon separately without regard to the amounts paid to the Plaintiff[.]")). The settlement is reasonable to the extent previously discussed, and the parties' foregoing statements adequately establish that the issue of attorney fees and costs was agreed upon separately and without regard to the amount the Plaintiff is receiving under the Agreement. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, pursuant to *Bonetti*, the undersigned **RECOMMENDS** that the Court find that the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

## IV. Conclusion

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 18) be **GRANTED** as follows:

    a. The first full sentence of paragraph 2(b) of the Agreement (Doc. 18-1 at 2) be **STRICKEN**.

    b. The Agreement (Doc. 18-1) otherwise be found to be a fair and reasonable settlement of the Plaintiff's FLSA claims.

2. The Motion (Doc. 18) be **DENIED** in all other respects.

3. The case be **DISMISSED WITH PREJUDICE**.

4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on April 4, 2019.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy